IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin Inc, <br><br> Plaintiff, <br><br> v. <br><br> James T. Bay, <br><br> Defendant. | Civil Action No.: <br> 8:14-cv-04180-JMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Defendant James T. Bay's Motion and Memorandum for Rule 39(c) Jury ("Motion for Advisory Jury"). (ECF No. 11.) Plaintiff Beattie B. Ashmore, in his capacity as court appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin Inc ("Plaintiff"), has filed a Memorandum in Opposition to Defendant's Motion for Advisory Jury ("Memo in Opposition"). (ECF No. 14.) Defendant filed a Reply to Plaintiff's Memo in Opposition. (ECF No. 17.) Thereafter, Plaintiff filed a Sur-reply to Defendant's Reply. (ECF No. 19.) For the following reasons, the court **DENIES** Defendant's Motion for Advisory Jury. (ECF No. 11).

## I. RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff, a court appointed receiver in In Re Receiver, Civil Action No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012) "has been tasked with, *inter alia*, locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme associated with the criminal case United States v. Wilson, et al, 8:12-cr-00320-JMC." (ECF No. 1.) Plaintiff's

1

Complaint indicates that the court Order appointing him as receiver includes the "directive to bring suits for the disgorgement of profits, including specifically instituting legal proceedings against individuals" in possession of money from the Ponzi scheme.  (ECF No. 1 ¶ 7 (citing In Re Receiver, Civil Action No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012) (order appointing receiver)).)  Plaintiff filed a "non-jury" Complaint against Defendant alleging Unjust Enrichment and Fraudulent Transfer in violation of S.C. Code Ann. § 27-23-10 (2014).  (ECF Nos. 1, 3 (showing that Plaintiff's answer to court ordered interrogatories indicates that he stated that his claims should be tried non-jury).)  Thereafter, Defendant filed a Motion for Advisory Jury.  (ECF Nos. 11, 10 (showing that Defendant's answer to court ordered interrogatories indicates that he stated that "Plaintiff has brought equitable causes of action" and that Defendant intends to move for an advisory jury).)

## II.  LEGAL STANDARD AND ANALYSIS

Rule 39(c) allows district courts to empanel an advisory jury in cases when there is no right to a jury trial.  See Smith v. Reinke, No. 1:12–cv–00030–BLW, 2014 WL 2203896, at *1 (D. Idaho May 27, 2014) (citing Fed. R. Civ. P. 39(c)).  "The advisory jury's findings of fact simply advise the judge, as the responsibility for the decision-rendering process remains with the trial judge."  Forrest v. Omega Protein, Inc., No. 3:11cv92, 2011 WL 4352302, at *3 (E.D. Va. Sept. 16, 2011) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2335 (3d ed.)).  Courts typically empanel advisory juries for two reasons:  (1) to promote judicial economy, "if at least one of the claims to be tried has facts common to another claim that will be tried to a jury as a matter of right," and (2) "when 'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions."  Smith, 2014 WL 2203896, at *1 (citation omitted).

2

Defendant maintains that an advisory jury would provide valuable guidance in determining factual issues regarding the amount and reasonableness of his investments, would assist the court in resolving novel issues related to Ponzi schemes, and that with potentially "hundreds more lawsuits" on these issues, using an advisory jury would inform the court of the community's views regarding what is reasonable under the circumstances faced by other investors, including Defendant. (See ECF Nos. 11, 17 (arguing that an advisory jury would assist the court in determining whether Defendant "had notice of circumstances that would arouse the suspicion of an ordinarily prudent man and cause him to make inquiry" regarding his investments).) Plaintiff's Memo in Opposition maintains that the community offers no assistance in such a case and that the use of an advisory jury would be a waste of judicial resources. (ECF No. 14 (arguing that the court is familiar with the facts and circumstances that gave rise to this lawsuit and can hand down findings of facts and conclusions of law).) Moreover, Plaintiff argues that a Ponzi scheme alone does not render issues novel, the factual issues presented are "straightforward and garden variety," and "hundreds more lawsuits" will not follow. (ECF No. 19.)

Having considered the arguments presented, the court is not convinced that a jury is uniquely competent to make these determinations. See Smith, 2014 WL 2203896, at *2. Moreover, Defendant has not demonstrated that "any significant efficiency or economy gains are likely to be realized by having a jury first render a verdict on issues that ultimately must be ruled upon by the [c]ourt." See Faulstick v. S. Tire Mart, LLC, No. 2:13cv65–KS–MTP, 2014 WL 4055571, at *4 (S.D. Miss. Aug. 14, 2014).

## III. CONCLUSION

For the aforementioned reasons, the court **DENIES** Defendant's Motion for Advisory Jury.  (ECF No. 11).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 17, 2015
Anderson/Greenwood, South Carolina