# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:14-cv-04180-JMC-2 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| James T. Bay, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Defendant's Motion to Amend (ECF No. 22). Plaintiff filed no response.

"Motions for leave to amend pleadings after the deadline for amendment set in a scheduling order has passed trigger both Federal Rule of Civil Procedure 15(a), governing amendments to pleadings, and Rule 16(b), governing scheduling orders. The standards for satisfying these two rules are at odds. Rule 15(a)(2) states, in pertinent part, that leave shall be freely given 'when justice so requires,' while Rule 16(b)(4) states that '[a] schedule may be modified only for good cause and with the judge's consent.'" *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 705-08 (D. Md. 2011). To resolve this tension, the United States Court of Appeals for the Fourth Circuit has stated that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

The good cause inquiry focuses on the timeliness of an amendment and the reasons for the delay in seeking leave to amend. *Ground Zero Museum Workshop*, 813 F. Supp 2d at 707. Here, Defendant seeks to add affirmative equitable defenses as to Plaintiff's claims. (ECF No. 22 at 1.)

Defendant asserts that the amendment is timely because it "previously answered on December 18, 2014 and the discovery process has just commenced with Plaintiff issuing discovery requests to Defendant on December 6, 2014." (*Id.* at 1–2.) Defendant additionally asserts that the amendment is one that "merely adds additional affirmative defenses to Plaintiff's equitable causes of action in the Complaint." (*Id.* at 2.)

Even assuming a showing of good cause, however, Defendant still must satisfy the requirements of Rule 15. *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). A motion to amend should be denied only if granting the motion would be prejudicial, if there has been bad faith, or if the amendment would be futile. *Nourison Rug Corp.*, 535 F.3d at 298 (applying the requirements of Rule 15). Regarding prejudice, Defendants specifically argue: "Plaintiff was aware from the outset of the events giving rise to the action and what his claims were, so an allowance of the amendment for Defendant to assert applicable defenses could in no way prejudice the preparation of Plaintiff's case." (ECF No. 22 at 2.) Defendants further explain that the amendment is not futile—and presumably not in bad faith—since the proposed amendment addresses the issue of whether certain investors were aware of "fraud or any circumstances that would have given them pause prior to investing and how equity is to handle the result." (*Id.*)

This court can ascertain no reason that Defendant has failed either to show good cause or to comply with Rule 15's requirements in its Motion to Amend (ECF No. 22), and Plaintiff has filed no response to Defendant's Motion to Amend suggesting otherwise. This court therefore **GRANTS** Defendant's Motion to Amend (ECF No. 22).

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

December 4, 2015
Columbia, South Carolina