**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Beattie B. Ashmore, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:14-cv-04180-JMC-2 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| James T. Bay, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel (ECF No. 21), to which Defendant filed a Response in Opposition (ECF No. 23). Plaintiff also filed a Reply to Response (ECF No. 24).

Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Nevertheless, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

---

[1] Factors a court should consider to determine such proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P 26(b)(1).

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988).

Exercising that discretion here, this court finds sensible Plaintiff's explanations of how the information sought in Interrogatory Numbers, 7, 8, and 9 are relevant to Plaintiff's claims asserted in her Complaint. (*See* ECF No. 21 at 2.) Moreover, this court agrees with Plaintiff that Defendant's specific objections to the discovery requests in its Response in Opposition (ECF No. 23) regarding privacy concerns and narrow tailoring should have been raised earlier in this action—specifically, when he first answered the Interrogatories—for the court to be appropriate in considering those new objections at this juncture of the case. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection unless the court, for good cause, excuses the failure."). Indeed, before Plaintiff's Motion to Compel (ECF No. 21), Defendant limited its objections to Plaintiff's same discovery requests to concerns about relevance and whether the requests were "reasonably calculated to lead to the discovery of admissible evidence." (Ex. B, Def.'s Answers to Pl.'s First Set of Interrs.)

For these reasons, this court **GRANTS** Plaintiff's Motion to Compel (ECF No. 21). Defendant is further ordered to respond to Plaintiff's discovery requests addressed in its Motion to Compel (ECF No. 21) no later than December 31, 2015.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

December 4, 2015
Columbia, South Carolina